IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2002

## STATE OF TENNESSEE v. DELORES ANN BABB

**Direct Appeal from the Circuit Court for Henry County**
**No. 13110     Julian P. Guinn, Judge**

_____

**No. W2001-00415-CCA-R3-CD  - Filed February 4, 2002**

_____

The defendant was found guilty of DUI by a Henry County jury and sentenced to 11 months and 29 days, all suspended except for ten days.  On appeal, she argues the evidence was insufficient to support her conviction.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Guy T. Wilkinson, District Public Defender, for the appellant, Delores Ann Babb.

Paul G. Summers, Attorney General and Reporter; T. E. Williams, III, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was driving when her car collided with Robert Beecham's car at an intersection in Paris, Tennessee, on the evening of April 21, 2000, at approximately 9:30 p.m. Robert Beecham immediately approached the defendant.  He testified he noticed she had been drinking; he smelled alcohol on her breath; he observed she was unable to speak clearly.  Beecham testified he had the green light when he proceeded into the intersection, causing him to strike her car in the driver's side.

Officer Joshua Fry testified he approached the defendant to ascertain her condition.  When she responded to his questions, he noticed a strong smell of alcohol.  Fry stated the defendant's speech was slurred, and her eyes were bloodshot.  He opined she was under the influence of alcohol, and her ability to drive was impaired.

The defendant complained of back and neck pain, so Fry called for an ambulance. After the paramedics checked her condition, she refused treatment. Fry then asked the defendant if there was anything to prevent her from performing field sobriety tests. She replied there was not, but when he asked her to perform the "heel to toe" test, she told him she could not do it. Fry testified he asked her to perform another test, and she again refused to comply. He then placed her under arrest.

Fry stated the defendant later complained of pain as he was completing her arrest paperwork at the sheriff's department, so he transported her to the emergency room. He prepared an implied consent form and requested she submit to a blood test; she refused to give consent.

Paramedic Larry French testified he responded to the scene of the accident and found the defendant seated in her car. French stated the defendant had no visible injuries and, after responding to a series of questions, elected not to be transported in the ambulance. He said the defendant smelled of alcohol, and he suspected she had been drinking.

The defendant testified she drank three beers in her home over a period of an hour and a half while house cleaning. According to the defendant, she left her home at about 4:00 p.m., approximately half an hour after she stopped drinking. She said she visited three locations, an ATM machine, Wal-Mart, and a church parking lot, before the collision at approximately 9:30 p.m. The defendant stated she had the green light when she entered the intersection. She denied being impaired.

The defendant testified she refused to perform the field sobriety tests because she thought her ribs were broken, and she refused to give a blood sample because she feared her veins would collapse. She was released from the hospital on the night of her arrest after x-rays indicated she had no broken bones. She received no further medical treatment.

The defendant was indicted for driving under the influence, and a jury convicted her as charged.

The defendant contends the evidence was insufficient to prove guilt beyond a reasonable doubt. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the defendant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The defendant has the burden of overcoming this presumption of guilt. *Id.*

Tenn. Code Ann. § 55-10-401(a)(1) prohibits driving an automobile while under the influence of an intoxicant. "Under the influence of an intoxicant" is a term which includes "not only all the well-known and easily recognized conditions and degrees of intoxication, but also any impairment of mental or physical capabilities that deprives one of that clearness of mind and control of oneself

which he or she would otherwise possess." <u>State v. Keith A. Hartman</u>, C.C.A. No. 03CO1-9410-CR-00386, 1995 WL 382623, at \*2 (Tenn. Crim. App. June 27, 1995, at Knoxville).

Viewing the evidence in a light most favorable to the state, as we must, the evidence is more than sufficient to support the verdict. The state's witnesses testified the defendant smelled of alcohol. Robert Beecham stated the defendant had difficulty speaking. Officer Fry observed the defendant had slurred speech and bloodshot eyes, and he opined she was under the influence of alcohol which impaired her driving ability. The credibility of the witnesses was a determination to be made by the jury. We conclude this evidence is sufficient to support the jury's finding that the defendant was driving under the influence of an intoxicant.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE